## LAMPREY v. SARGENT.

If the vendee, in the sale of a part of an entire mass of bricks, is allowed to take possession of the whole to enable him to separate the part purchased, the title passes according to the sale as between the parties.

REPLEVIN, for 15,000 hard bricks. Pleas, the general issue, and a denial of the plaintiff's title. The defendant and one Curtis were brickmakers; and August 4, 1873, being the owners of eight holes of a kiln, they made the following sale:

"PLAISTOW, August 4, 1873.

"This day sold to J. S. Lamprey six holes of hard brick, now on our yard on Bly land, next to the highway, estimated at eighty thousand, be the same more or less, at seven dollars per thousand:—80 M. @ $7.00 per M., $560.00.

"SARGENT & CHASE."

On the same day the plaintiff took two bricks, and in a day or two after, four thousand, from the six holes. The defendant took the 15,000 hard bricks from the six holes, in March, 1874. The evidence tended to show that a kiln contains three kinds of bricks,—hard, light red, and pale ; that these kinds are suitable for different uses, are of different values, and are well known to masons, brickmakers, and dealers ; that their proportions in a kiln depend upon the success in burning ; that this kiln was well burnt, and the pale and light red were a small portion of the whole ; that the pale were on the outside, the light-red further in, and the hard still further in ; that the separation of the different kinds requires some skill and judgment ; and that on the day of sale the pale had been, and the light-red had not been, separated and removed from three sides of that part of the kiln called, in the bill of sale, the six holes. The question was, whether there was a sufficient separation to pass the title to the 15,000 bricks to the plaintiff.

*Hills* and *Small,* for the plaintiff.

*Wiggin & Fernald,* for the defendant.

BINGHAM, J. The facts stated in the case are equivalent to a finding that the six holes of bricks, including the hard and light-red, unseparated, were constructively delivered to the plaintiff with the right to retain the possession of the whole for a reasonable time, that he might select therefrom the hard bricks, and leave the light-red for the vendors. It was an executed sale as between the parties, and passed the title to the hard bricks to the plaintiff. *Page* v. *Carpenter,* 10 N. H. 77.

In the case of a sale of a part of an entire mass of goods, such as coal, brick, flour, and grain, if the purchaser is allowed to take possession of the whole for the purpose of enabling him to separate the part sold, the title to that part passes to the purchaser, and he may retain the whole until he has had a sufficient time and opportunity to separate and take the part belonging to him. Story on Sales 314, *n.* 3 ; *Weld* v. *Cutter,* 2 Gray 195 ; *Damon* v. *Osborne,* 1 Pick. 476.

*Judgment on the verdict.*